UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CR-45-TAV-CCS-6 |
| | ) | |
| LAYLA LEIGH BEAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's motion for a sentence reduction [Doc. 1426]. The defendant moves the Court to resentence her pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 1447], deferring to the Court's discretion as to whether, and to what extent, to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the United States Sentencing Guidelines Manual.

**I.    Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

> lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application

2

decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).

Section 1B1.10 provides an exception to the rule that a defendant may not receive a sentence below the amended guideline range. Namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the Court may grant "a reduction comparably less than the amended guideline range." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B).

In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Factual Background

The defendant pleaded guilty to and was convicted of conspiring to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 1308]. At the time of sentencing, the defendant was held responsible for 91 grams of actual methamphetamine [Doc. 1426 p. 2; Doc. 1447 p. 2]. Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level was 32 [*Id.*]. The defendant qualified for the safety valve provisions of

3

section 5C1.2 of the Guidelines and received a 2-level reduction [Doc. 1426 p. 2; Doc. 1447 p. 2–3]. She received an additional 3-level reduction for acceptance of responsibility, resulting in a total offense level of 27 [*Id.*]. Given the defendant's criminal history category of I, the defendant's applicable guideline range was 70 to 87 months' imprisonment [Doc. 1426 p. 2; Doc. 1447 p. 3].[1]

Although the defendant's offense of conviction carried a mandatory minimum term of imprisonment of 10 years, she was eligible to be sentenced without regard to the mandatory minimum term of imprisonment due to the operation of the safety valve provisions of 18 U.S.C. § 3553(f) [Doc. 1426 p. 2]. Before sentencing, the government moved for a downward departure pursuant to section 5K1.1 of the Sentencing Guidelines [Doc. 1426 p. 2; Doc. 1447 p. 3]. The Court granted that motion and sentenced the defendant to 52 months' imprisonment, which is 26 percent below the defendant's original guideline range [*Id.*]. According to the parties, the defendant is presently scheduled for release on March 16, 2016 [*Id.*].

---

[1] Although the government states that the defendant was assigned a criminal history category of II at the time of her sentencing, this statement appears to be inadvertent. The defendant states that she was assigned a criminal history category of I at the time of sentencing [Doc. 1426 p. 2], and the government's description of the defendant's original guideline range assumes that she was sentenced in accordance with a criminal history category of I [Doc. 1447 p. 3]. The Court notes that the Presentence Investigation Report originally assigned the defendant 2 criminal history points [Doc. 885 p. 14], corresponding to a criminal history category of II, but it was later revised to remove 1 criminal history point [Doc. 967], corresponding to a revised criminal history category of I. Therefore, the Court concludes that the defendant was sentenced in accordance with a criminal history category of I.

**III. Analysis**

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by 2 levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Applying Amendment 782, the defendant's revised base offense level is 30, and affording the defendant the same adjustments the defendant originally received, the defendant's new total offense level is 25. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). A total offense level of 25 and a criminal history category of I results in an amended guideline range of 57 to 71 months' imprisonment. Thus, the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here. And it would be consistent with the applicable policy

statements to sentence the defendant below the "minimum of the amended guideline range" because the defendant originally received a sentence below the guideline range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A), (B).

The Court now turns to the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time. In regard to these factors and in the context of the instant motion, the Court considers the nature and circumstances of the defendant's offense—conspiracy to manufacture 50 grams or more of methamphetamine—and her role in the offense, along with her history and characteristics.

The Court also considers the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment.[2] Further, the Court considers the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a).

---

[2] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

Case 3:13-cr-00045-TAV-CCS   Document 1449   Filed 06/25/15   Page 6 of 8   PageID #: 5986

Regarding the defendant's post-sentencing conduct and the risk of danger to the community resulting from a sentence reduction, the Court notes that the defendant has not incurred any disciplinary sanctions while incarcerated, and the government states that it has no specific information to present in opposition to a sentence reduction [Doc. 1447 p. 4]. Thus, the defendant's post-sentencing conduct has been acceptable, and it does not appear that a sentence reduction will create an inordinate risk of danger to any person or the community. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B).

After considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds that a reduction in the defendant's sentence is appropriate. The Court will reduce the defendant's sentence in accordance with the amended guideline range and by an amount "comparably less than the amended guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B). In making this determination, the Court is particularly influenced by the changes in offense levels resulting from Amendment 782. The Court has also taken into consideration the risk that the defendant poses to public safety, the nature and circumstances of the defendant's offense, the defendant's personal history and characteristics, and the defendant's post-sentencing conduct.

### III. Conclusion

For these reasons, the defendant's motion [Doc. 1426] is **GRANTED**, and the defendant's sentence is **REDUCED** to **42 months' imprisonment**. If this sentence is less than the amount of time the defendant has already served, the sentence shall be

reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this order, all provisions of the judgment dated July 11, 2014 [Doc. 1308], shall remain in effect. The effective date of this order is **November 2, 2015**. U.S. Sentencing Guidelines Manual § 1B1.10(e)(1).

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE